UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

TODD JEFFERIES HAMILTON         CASE NO.: 17-52528
ANN BLACKHURST HAMILTON         CHAPTER 13

### MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS

Come the debtors, by counsel, and move this court for permission sell certain real estate owned by them free and clear of liens.

In support of this motion, debtors state the following:

1. This Court has exclusive jurisdiction over the property in question under 28 U.S.C. §1334. This proceeding is a core proceeding.

2. The real estate consists of a house and lot located at 712 Sunny Slope Trace, Lexington, Kentucky. The property designated 712 Sunny Slope Trace is presently worth approximately $195,000.

3. Said real estate is encumbered by a first mortgage held by U.S. Bank Trust National Association in the amount of approximately $124,000, a second mortgage held by Citimortgage in the amount of approximately $25,000, and a lien held by the Internal Revenue Service in the amount of approximately $32,602.57.

4. The debtors wish to sell the property, with the proceeds to be applied to payment of the mortgage balances and the Internal Revenue Service. After the payment of the mortgages and the lien to the Internal Revenue Service, any remaining proceeds shall be paid to the debtors, unless the debtors' portion exceeds their allowed exemption. In that

event any excess proceeds shall be paid to the Chapter 13 Trustee.

5. Such a sale, which would realize the full value of the real estate, would not prejudice the rights of any party, and would allow those lien-holders with liens not avoidable to realize their security.

6. Debtors have obtained an offer to purchase the above described property. A copy of said contract is attached hereto.

WHEREFORE, the debtors pray that this Court enter an order permitting the sale of the debtors' real estate free and clear of liens, with the proceeds to be dispersed as proposed herein.

/s/ Ginger C. Cord
Ginger C. Cord
155 East Main Street, Suite 330
Lexington, KY 40507
(859) 226-0191

## NOTICE

Please take notice that, unless within 14 days of the date of service of this motion, you, as a creditor, file an objection to the motion and request for and notice a hearing on the objection, an order may be entered without a hearing sustaining the motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via ECF on all parties able to receive it via ECF and mailed to all other parties and creditors this the 8th day of April, 2020.

/s/ Ginger C. Cord
Ginger C. Cord

Property Address 712 Sunny Slope Trace, Lexington, KY 40514         Zip Code 40514         Contract # MG-040720-01

# OFFER TO PURCHASE CONTRACT
(This form prepared by the Lexington-Bluegrass Association of REALTORS for exclusive use of members)



Date 04/07/2020

1. BUYER offers and agrees to pay the sum of $195,000 _____ through _____ for the following property located in Fayette County _____ County, Kentucky, and more particularly described as follows: _____
712 Sunny Slope Trace, Lexington, KY 40514
with all improvements thereon, plus all articles so attached or built in which, if removed, would leave the premises in a damaged, incomplete, or unfinished condition, plus the following items that will convey with the property:

Appliances, blinds, garage door opener....

2. **EARNEST MONEY:**   As evidence of BUYER'S good faith to bind this contract, earnest money in the sum of $0.00 _____ check (☐) cash (☐) is hereby deposited in escrow with N/A _____
to be credited to BUYER at closing. Said earnest money shall only be removed from said escrow account pursuant to KRS 324.111.

3. **BALANCE OF PURCHASE PRICE:** To be paid as follows:

☐ (a) **CASH:** The balance of the purchase price in the amount of $_____ shall be paid on delivery of deed.

☐ (b) **NEW FINANCING:** Balance of down payment ($ 39,000 _____) on delivery of deed, and mortgage portion of the purchase price as follows:

BUYER to obtain a Conv ___ loan in the amount of $ 156,000 _____ at an interest rate not to exceed 4.5 ___%.
(Conv, FHA, VA)

This loan (with a maximum adjustment for first adjustment period N/A %, maximum adjustment for life of the loan N/A %) to be amortized for a period of 30 ___ years, with monthly payments of approximately $ 750.00 _____ for principal and interest and a total approximate payment of $ 1000.00 _____ which would include taxes, insurance, but does not include mandatory association fees of $ 100.00 ___ per Yr. _____ . N/A _____ agrees to pay necessary discount fee not to exceed N/A % of new loan amount.
(BUYER/SELLER)

BUYER agrees to apply for and lock in the above-mentioned loan within five (5) calendar days from the date of acceptance of this CONTRACT and shall proceed with due diligence to obtain financing. Should BUYER be unable to obtain financing, this CONTRACT shall be null and void, and the earnest money shall be refunded to Buyer. BUYER agrees to pay own closing costs and prepaid items at time of closing.

☐ FHA/VA SALE ONLY: It is expressly agreed that notwithstanding any other provisions of this contract, the purchaser shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits otherwise unless the purchaser has been given in accordance with HUD/FHA or VA requirements a written statement by the Federal Housing Commissioner, Veterans Administration or a Direct Endorsement lender setting forth the appraised value of the property of not less than $_____ (should be at least the sales price). The Purchaser shall have the privilege and option of proceeding with consummation of the contract without regard to the amount of the appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage the U.S. Department of Housing and Urban Development (HUD) will insure. HUD does not warrant the value nor the condition of the property. The purchaser should satisfy himself/herself that the price and condition of the property are acceptable.

REAL ESTATE CERTIFICATION
We, the borrower, seller, and the selling real estate agent or broker involved in the sales transaction certify by our signatures below that the terms and conditions of the sales contract are true to the best of our knowledge and belief, and that any other agreement entered into by any of these parties in connection with this real estate transaction is part of, or attached to, the sales agreement.

We fully understand that it is a Federal crime, punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, U.S.C., Section 1014.

The undersigned hereby certify that they have read the above regarding FHA/VA transactions.

| Buyer Agent | Date | Listing Agent | Date |

BUYER's Initials MG 04/07/20    Date/Time    BUYER's Initials    Date/Time    SELLER's Initials TH 04/07/20    Date/Time    SELLER's Initials GH 04/07/20    Date/Time

Rev 2/17

Property Address 712 Sunny Slope Trace, Lexington, KY 40514     Zip Code 40514     Contract # MG-040720-01

☐ (c) **LOAN ASSUMPTION**: (See addendum Form #42)

4. **PRORATION:** All rents, taxes, interest, association fees, and assessments shall be adjusted and prorated to date of transfer of deed.

5. **RENT DEPOSITS:** Rental security deposits and advance rents shall be transferred by SELLER to the BUYER at closing.

6. **RISK OF LOSS:** All risk of loss or damage to the premises by fire or other casualty or cause shall remain with SELLER until date of closing. If, prior to closing, the premises shall be so damaged and the cost of repair is less than ten (10) % of the purchase price herein, SELLER shall, at his/her cost, promptly repair said damage in a good and workmanlike manner. If the costs of said repairs exceed ten (10) % of the purchase price herein, BUYER shall have the option to declare this contract null and void, and receive a refund of the earnest money deposit, or BUYER may complete settlement, accepting the premises as damaged together with the proceeds of any insurance payable as a result of such damage. SELLER shall maintain adequate insurance in effect until closing for the benefit of both parties.

7. **INSPECTIONS:** The parties hereto acknowledge that the Realtors do not recommend inspection companies or other vendors. All inspections are to be ordered by the BUYER, (unless otherwise provided herein) paid for by the BUYER and shall be ordered from companies that are recognized in their respective industries as being qualified to make the required inspection, and licensed, where possible. The parties hereto release the above Realtors and real estate companies from, and waive, any and all claims arising out of or connected with any services or products provided by any vendor.

(a) Until closing, SELLER agrees to maintain property, its systems, appliances and equipment in normal operating condition, and to keep the roof water-tight and to maintain the grounds unless agreed otherwise in writing.

(b) BUYERS and/or their representatives shall have reasonable access and right of entry to the premises for the purpose of conducting the below inspections. It is understood and agreed that at closing, the BUYER accepts the property as satisfactory, unless otherwise agreed in writing and that the SELLER and REALTOR(s) shall have no further responsibility with reference thereto to BUYER. Any representations shall terminate at the time of closing and neither SELLER nor SELLER's REALTOR makes any representations as to operation and condition of the property and its improvements.

(c) **WOOD DESTROYING INSECT INFESTATION INSPECTION**: Prior to closing, BUYER may obtain and pay for (except in VA sale, where payment is to be made by SELLER as required by law, VA Form 26-8850/HUD 92053), a wood destroying insect infestation inspection certificate for all of the property and its improvements signed by a technician (certified by the Kentucky division of Pesticides and employed by a duly insured and Kentucky Licensed structural pest control person). Said certificate shall clearly indicate that all improvements located on the property were inspected. SELLER shall remove all personal belongings and/or debris that might obstruct a thorough inspection of the property and its improvements both on the inside and outside of the improvements.

In the event of visible evidence of active wood destroying insects is observed, SELLER shall, at SELLER's expense, have the property properly treated by a qualified technician prior to closing, and present proof of said treatment to the BUYER at closing. In the event visible damage from active or prior infestation is noted, repairs shall be made by the SELLER prior to closing if said repairs can be made for an amount not exceeding one percent (1%) of the sales price. However, if the cost of said repairs exceeds said amount, the payment for said repairs shall be negotiated in good faith between BUYER and SELLER within three (3) calendar days of receipt of said certificate. If the BUYER and SELLER cannot agree on payment for the repairs, this contract is voidable at the option of either party and earnest money refunded to BUYER.

(d) **OTHER INSPECTIONS** (CHECK ONE OF THE 3 CONDITIONS)

(1) ☑ The BUYER hereby agrees that he/she has inspected the property and hereby accepts the property and its improvements in its present "**AS-IS**" condition; with no warranties, expressed or implied, by SELLER and/or Realtors.

\*\*\*OR\*\*\*

(2) ☐ The BUYER hereby agrees that he/she has inspected the property and hereby accepts the property and its improvements in its present "**AS-IS**" condition; with no warranties, expressed or implied, by SELLER and/or Realtors. BUYER may have the property inspected and may declare the contract null and void, with earnest money returned to the BUYER, by notifying SELLER or SELLER's agent in writing within _____ days from contract acceptance. Failure to

2

| MG 04/07/20 | | TH 04/07/20 | | GH 04/07/20 |
| --- | --- | --- | --- | --- |
| BUYER's Initials dotloop verified | Date/Time | BUYER's Initials   Date/Time | SELLER's Initials dotloop verified   Date/Time | SELLER's Initials dotloop verified   Date/Time |

Rev 2/17

**Property Address** 712 Sunny Slope Trace, Lexington, KY 40514     **Zip Code** 40514     **Contract #** MG-040720-01

have inspection and notify SELLER or SELLER's agent in writing within said time shall constitute a waiver of this inspection clause and an acceptance of the property in its "as-is" condition. The time frame established in this paragraph is an absolute deadline.

***OR***

(3) ☐ The BUYER accepts the property and its improvements in their "**AS-IS**" condition as stated here-in, except for the following inspections (mark on line FOLLOWING item):   complete property ☐;    OR    heating system ☐; air conditioning system ☐; plumbing ☐; electrical systems ☐; appliances ☐; roof ☐; structural ☐; fireplace/chimney ☐; septic system ☐; well/cistern ☐; radon ☐; asbestos ☐; swimming pool ☐; hot tub/spa ☐; lead paint ☐; concrete ☐; mold ☐; others _____ Inspections are not to ascertain the cosmetic imperfections of the real property or personal property that the BUYER has already considered in determining the purchase price. The BUYER understands the SELLER is not required to bring property to the current building code. The BUYER understands that the SELLER is not required to perform the repairs listed in the inspector's report except as agreed in this subsection. **The BUYER understands and agrees that the inspector's report is not a repair list.**

The BUYER has carefully examined the premises and the improvements located thereon, and in making the decision to buy the property, the BUYER is relying wholly and completely upon BUYER's own judgment and the judgment of the BUYER'S inspectors. BUYER understands that SELLER shall not be required to repair any defect disclosed on the Seller's Disclosure of Property Condition.

These inspections shall be ordered by the BUYER and paid for by the BUYER. These inspections must be performed and BUYER must submit in writing to SELLER or SELLER's agent, within _____ days of contract acceptance, a list of any repairs, from inspections report(s), needed to bring the inspected item(s) to their standard operating condition. A request for a monetary allowance without a list of repairs will not constitute compliance with this request. Failure to submit a list of repairs to SELLER or SELLER's agent in writing within said time shall constitute a waiver of this inspection clause and an acceptance of the property in its "as-is" condition. The time frame established in this paragraph is an absolute deadline.

Repairs submitted in compliance with the paragraph above, shall be negotiated in good faith within four (4) days of Buyer submitting repairs to SELLER and/or SELLER's agent. If BUYER and SELLER cannot agree on repairs, this contract is voidable at the option of either party with earnest money refunded to BUYER. If upon failure to agree upon repairs, either party gives notice of intent to void the contract, then the other party shall, within three (3) days of receipt of notice have the right to: if SELLER, agrees to make the necessary repairs, **OR** if BUYER, accepts the property in its as-is condition.

(e) BUYERS shall have the right to reinspect the property within forty-eight (48) hours prior to closing for the sole and exclusive purpose of satisfying themselves that the property is in equal or better condition than it was as of the date of the offer to purchase.

8. **DISCLOSURES:**

A. **SELLER DISCLOSURE OF PROPERTY CONDITION FORM:** (CHECK ONE OF THE 2 CONDITIONS)

☑ (1) SELLER warrants that there presently exist no known defects which would materially impair the fitness of the Property for its intended use, except as disclosed on said form. Said form, signed by BUYER and SELLER, is incorporated into this contract by reference.

***OR***

☐ (2) The Property is new construction and the SELLER/BUILDER is providing a warranty at closing. Said warranty _____ (will/will not) be in writing. Type of builder warranty is _____.

B. **LEAD-BASED PAINT HAZARDS**: If the house upon subject property was built before 1978, a Disclosure of Information and Acknowledgment of Lead-Based Paint and/or Hazards Addendum, signed by the BUYER and SELLER, shall be incorporated into this contract by reference.

C. **SCHOOLS**: BUYER understands that current school placements are not guaranteed and may be changed at any time. The BUYER is advised to contact the appropriate board of education.

3

BUYER's Initials _MG_ 04/07/20   Date/Time   BUYER's Initials _____ Date/Time   SELLER's Initials _TH_ 04/07/20   Date/Time   SELLER's Initials _GH_ 04/07/20   Date/Time

Rev 2/17

Property Address 712 Sunny Slope Trace, Lexington, KY 40514          Zip Code 40514     Contract # MG-040720-01

D. **TOTAL LIVING AREA:** BUYER is advised that representations relating to total living area are approximate and are not warranted. The BUYER is advised to make an independent determination of total living area prior to entering into this CONTRACT.

E. **PROPERTY BOUNDARY:** BUYER is advised that representations relating to the property's boundary are believed to be accurate, but are not warranted. The BUYER is advised to have a pinned and staked survey prior to closing.

F. **AGENCY DISCLOSURE:** BUYER and SELLER acknowledge they have received and read a copy of the Consumer Guide to Agency Relationships and the Agency Disclosure Statement, as required by 201 KAR 11:400.

G. **OWNER'S TITLE INSURANCE:** BUYER understands that all defects in title may not be discovered by a title examination. BUYER is advised to consult a Real Estate title insurance representative or an attorney regarding Owner's Title insurance.

H. **HOME WARRANTY:** If a home warranty is involved at the time of purchase, the BUYER acknowledges he/she has received and read the entire HOME WARRANTY PROGRAM AGREEMENT and understands the contents of the agreement.

9. **MEDIATION:** Any dispute or claim arising out of or relating to this contract, the breach of this contract, or the services provided in relation to this contract shall be submitted to mediation with a certified mediator. Disputes shall include (among other things) issues relating to representations made by the BUYER, SELLER, any broker, other person or entity in connection with the sale, purchase or financing. Any agreement signed by the parties pursuant to the mediation conference shall be binding.

The following matters are excluded from mediation hereunder: (a) judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or land contract; (b) an unlawful detainer action; (c) enforcement of a mechanic's lien; or (d) any matter which is within the jurisdiction of a probate court. The filing of a judicial action to enable the recording of a pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the right to mediate under this provision, nor shall it constitute a breach of the duty to mediate.

The parties agree that this clause survives the closing.

10. **CLOSING AND TITLE:** The closing shall occur on or before 04/30/2020 _____. At closing an unencumbered marketable title to the property shall be conveyed to BUYER by deed of general warranty with the usual covenants such as any national title company shall insure, free and clear of all liens and encumbrances except (a) such liens and encumbrances as BUYER may specifically approve and (b) easements of record and all restrictions of record as to the use and improvements of the property. Should the title to the property appear defective, SELLER shall have 14 days after receipt of notice from BUYER of such defect or defects within which to correct same at the cost of the SELLER. Should SELLER be unable to correct the defect, this CONTRACT is voidable at option of BUYER and earnest money shall be refunded to BUYER. If the parties to this contract desire that any term of this agreement survive the closing and transfer of deed to BUYER, an agreement must be executed prior to closing acknowledging such an intent.

11. **POSSESSION:** Possession shall be delivered _____.

12. **ADDENDA:** The following addenda are attached hereto and incorporated herein by reference:

Lease to Purchase Agreement

13. **OTHER TERMS AND CONDITIONS** (Have BUYER and SELLER initial, date, and time after each entry. If signing electronically, BUYER and SELLER do not have to sign after each entry.):

Buyer is a licensed Realtor in the state of KY.

BUYER'S Initials  Date/Time     BUYER's Initials  Date/Time      SELLER's Initials  Date/Time      SELLER's Initials  Date/Time

Rev 2/17

Property Address 712 Sunny Slope Trace, Lexington, KY 40514      Zip Code 40514      Contract # MG-040720-01

### 14. HEIRS, SUCCESSORS, AND ASSIGNS:
The heirs of the SELLER and the successors and assigns of both the SELLER and BUYER are bound under the terms of this CONTRACT.

### 15. CONTRACT INTERPRETATION:
This CONTRACT shall be interpreted according to the laws of the Commonwealth of Kentucky. Use of singular for BUYER and SELLER includes all buyers and sellers, if more than one.

### 16. FAIR HOUSING:
The SELLER and BUYER acknowledge receipt of a copy of the brochure titled "What Kentucky's Fair Housing Law Means" provided by the listing/selling Realtors. This property was offered for sale without regard to race, color, sex, religion, national origin, handicap, familial status, or sexual orientation.

### 17. ACKNOWLEDGEMENT:
The BUYER and SELLER acknowledge that a licensee in this transaction may receive a fee, salaries, compensation or other payments for services actually performed or rendered from any service provider.

### 18. EXCHANGE:
BUYER and/or SELLER may elect to treat this transaction as an exchange under IRC Section 1031 at no cost or liability to the other party.

### 19. DEFAULT:
In the event of default, the parties may pursue all available legal remedies. Should a default occur and legal action is instituted, the prevailing party shall be entitled to recover all costs, including a reasonable attorney's fee. In the event the BUYER defaults, this clause shall operate as an assignment to the broker(s), who would have received a commission, of the SELLER'S right to recover damages from the BUYER in an amount equal to such commission. Should legal action be instituted to collect under this assignment, the Broker(s) shall be entitled to receive all costs, including a reasonable attorney's fee. The parties further agree that such assignment shall survive both this CONTRACT and any release or waiver which is not signed by the Broker(s).

### 20. TRID CLOSING DISCLOSURE:
All parties to this transaction, including buyers, sellers, real estate agents, lender and closing agents acknowledge that the TRID Closing Disclosure, the Buyers' Statement, the Sellers' Statement or any other summary form of the transaction does not contain non-public information and may be disclosed to any of the above referenced parties.

We have read this contract, fully understand the contents thereof, understand and agree that this is the entire agreement between the parties. WE UNDERSTAND THAT ONCE EXECUTED BY ALL PARTIES, THIS CONTRACT BECOMES LEGALLY BINDING. We further acknowledge that we are not relying on any verbal statements or representations, made by either the SELLER, BUYER or the REALTORS, either expressly or implicitly, warranting the property, its size, construction, condition or materials used, nor any of the fixtures, appliances, appurtenances, or amenities. If you do not understand any part of this document you should seek legal and/or accounting advice. We acknowledge receipt of this CONTRACT.

This offer to be accepted on or before _____.

Matthew Gerwin                  *Matt Gerwin* (dotloop verified 04/07/20 2:57 PM EDT GJKO-NTFB-F5YW-NTBA)       Matt Gerwin for Gerwin Group, LLC
REALTOR (Print/Type)            BUYER'S Signature                Date and Time                BUYER (Print/Type)
Office # 1232
                                BUYER'S Signature                Date and Time                BUYER (Print/Type)

Broker License # 208030         LBAR Agent # 77731               KREC Agent License # 199445

Agent Email gerwingroup@gmail.com                                Agent phone Number 8596211432


The above offer is hereby accepted this _____ day of _____ 20_____.

Matthew Gerwin                  *Todd Hamilton* (dotloop verified 04/07/20 1:30 PM EDT KYIL-CURB-EAK4-FO1A)       Todd Hamilton
REALTOR (Print/Type)            SELLER'S Signature               Date and Time                SELLER (Print/Type)
Office # 1232                   *Ann Hamilton* (dotloop verified 04/07/20 2:52 PM EDT BLBP-QPQJ-D5UE-5GXQ)        Ann Hamilton
                                SELLER'S Signature               Date and Time                SELLER (Print/Type)

Broker License # 208030         LBAR Agent # 77731               KREC Agent License # 199445

Agent Email gerwingroup@gmail.com                                Agent phone Number 8596211432

5

BUYER's Initials   Date/Time      BUYER's Initials   Date/Time      SELLER's Initials   Date/Time      SELLER's Initials   Date/Time

Rev 2/17